# FOR THE DISTRICT OF DELAWARE

LG ELECTRONICS U.S.A., INC., and
LG ELECTRONICS, INC.,

Plaintiffs,

v.

WHIRLPOOL CORPORATION, and
WHIRLPOOL PATENTS COMPANY,

Defendants.

C.A. No. 10-CV-_______

## COMPLAINT FOR A DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

Plaintiffs LG Electronics U.S.A., Inc. and LG Electronics, Inc. (collectively "LG"), through counsel, allege as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgments of non-infringement and invalidity under the patent laws of the United States, Title 35, United States Code, and the Federal Declaratory Judgment Act, Title 28, United States Code, Sections 2201 and 2202.

## THE PARTIES

2. Plaintiff LG Electronics U.S.A., Inc. ("LG U.S.A."), is a Delaware corporation having a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

3. Plaintiff LG Electronics, Inc. ("LG Electronics"), is a South Korean corporation having a principal place of business at LG Twin Towers, 20 Yoido-dong, Yeongdeungpo-gu, Seoul, South Korea 150-721.

4. LG U.S.A. is a wholly owned subsidiary of LG Electronics.

5. On information and belief, Defendant Whirlpool Corporation is a Delaware corporation having a principal place of business at 2000 North M-63, Benton Harbor, Michigan 49022.

6. On information and belief, Defendant Whirlpool Patents Company is a Michigan Corporation having a principal place of business at 500 Renaissance Drive, Suite 102, St. Joseph, Michigan 49085.

7. Defendant Whirlpool Patents Company is a wholly owned subsidiary of Defendant Whirlpool Corporation, both defendants being collectively referred to hereinafter as "Whirlpool."

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b), as well as 28 U.S.C. §§ 2201 and 2202.

9. This Court has personal jurisdiction over Whirlpool Corp., as Whirlpool Corp. is incorporated in the State of Delaware and does business in the State of Delaware.

10. This Court has personal jurisdiction over Whirlpool Patents Company, as Whirlpool Patents Company is wholly owned by Whirlpool Corp. and derives benefits from the business and sales of Whirlpool refrigerators offered for sale and sold in Delaware.

11. Whirlpool has purposefully availed itself of the jurisdiction of this Court by asserting claims of infringement of the '130 patent against LG.

12. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## FACTUAL BACKGROUND

13. LG is a manufacturer and retailer of consumer appliances throughout the world.

14. Whirlpool is also a manufacturer and retailer of consumer appliances throughout the world.

15. On January 23, 2008, Whirlpool filed a complaint in the International Trade Commission alleging that LG Electronics infringed five Whirlpool patents relating to refrigerators. *In the Matter of Certain Refrigerators and Components Thereof*, 337-TA-632 (US ITC). LG presented Whirlpool invalidating prior art as to four of the patents, and the investigation was terminated as to those patents. Only U.S. Patent Number 6,082,130 ("the '130 patent") was at issue during the hearing before the International Trade Commission. A copy of the '130 patent is attached as Exhibit A.

16. Issues of infringement and validity were fully and fairly litigated before the International Trade Commission through a full evidentiary hearing, two written initial determinations by the Administrative Law Judge, two reviews by the Commission, and extensive briefing by the parties and the Staff of the Office of Unfair Import Investigations, to a Final Determination by the Commission.

17. The Commission gave notice of its Final Determination on February 12, 2010, determining that: (1) LG's accused side-by-side refrigerators infringe claims 1, 2, 4, 6, and 9, but do not infringe claim 8 of Whirlpool's '130 patent; (2) LG's accused French-Door refrigerators do not infringe any of the asserted claims of the '130 patent; and (3) claims 1, 2, 4, 6, and 9 of the '130 patent are invalid as obvious. A copy of the Commission's Opinion on Remand issued on March 11, 2010, is attached as Exhibit B. On April 5, 2010, the Commission denied Whirlpool's petition for reconsideration.

18. On April 24, 2008, LG filed an action in this Court seeking, among other things, a declaratory judgment of invalidity and non-infringement of Whirlpool's '130 patent. *LG Electronics, et al., v. Whirlpool Corp., et al.*, 08-CV-234 (GMS) (the "Delaware Litigation"). Whirlpool counterclaimed alleging, among other things, infringement of the '130 patent by the same types of LG side-by-side and French-Door refrigerators that were accused of infringement in the International Trade Commission. Trial in the Delaware Litigation began on March 1,

2010, and the jury rendered its verdict on March 11, 2010. Regarding the ’130 patent, the jury found: (1) LG’s French-Door refrigerators do not infringe any of the asserted claims of the ’130 patent; (2) LG’s side-by-side refrigerators infringe claims 1, 2, 6, and 9, but do not infringe claim 8 of the ’130 patent; (3) LG did not willfully infringe Whirlpool’s ’130 patent; and (4) claims 1, 2, 6, 8, and 9 are not invalid. The Court entered Judgment on the verdict on April 9, 2010. Evidence of the International Trade Commission’s proceedings and determinations was excluded and was not considered by the jury in the Delaware Litigation.

19. The Final Determination of the International Trade Commission and the jury’s verdict regarding the invalidity of claims 1, 2, 6, and 9 are inconsistent. LG is seeking through post-trial motions and appeals a determination that the asserted claims of the ’130 patent are invalid.

20. The District Court issued its claim construction in the Delaware Litigation on August 4, 2009. The Court in the Delaware Litigation construed the term “disposed within the refrigerator compartment” as having its plain and ordinary meaning. In doing so, the Court rejected LG’s proposed construction, which would not include the ice maker being mounted on the freezer door. Thus, the Court’s claim construction in the Delaware Litigation eliminates at least one of the bases for non-infringement upon which LG had relied in avoiding Whirlpool’s ’130 patent claims.

21. After the Court issued its claim construction on August 4, 2009, LG redesigned its ice storage bin (“New Ice Storage Bin”) based on the Court’s claim construction to avoid Whirlpool’s ’130 patent as construed by the Court in the Delaware Litigation. LG sought to include the New Ice Storage Bin design in the Delaware Litigation, but Whirlpool opposed its inclusion and the Court declined to exercise declaratory judgment jurisdiction in the Delaware Litigation to determine whether the New Ice Storage Bin infringes the ’130 patent.

22. Each of the claims of the ’130 patent includes an auger. LG’s New Ice Storage Bin design eliminates the claimed auger and does not replace the claimed auger with any other

element. By eliminating the claimed auger, LG's New Ice Storage Bin does not infringe and avoids the '130 patent as construed by the Court in the Delaware Litigation.

23. On August 20, 2009, LG decided at its R&D facilities in Seoul, South Korea, to change the design of its ice storage bin to the augerless New Ice Storage Bin design. LG made prototypes of the New Ice Storage Bin design in September 2009 and tested the prototypes in October 2009. In October 2009, LG transferred its New Ice Storage Bin design to its manufacturing facilities in Changwon, South Korea. LG then developed mold drawings to manufacture the New Ice Storage Bin, and commissioned the manufacture of molds for the New Ice Storage Bin design.

24. The New Ice Storage Bin design was finalized in December 2009. From December 2009 through March 2010, LG conducted quality review, testing, and evaluation of the New Ice Bin in its manufacturing facilities in Changwon, South Korea.

25. In February 2010, LG imported into the United States and, prior to importation made available for inspection by Whirlpool's representatives, an operable refrigerator unit including the New Ice Storage Bin design.

26. As part of the Delaware Litigation, LG provided Whirlpool with discovery regarding its New Ice Storage Bin design. In December 2009, LG requested that Whirlpool advise LG whether or not Whirlpool agreed that refrigerators that include the New Ice Storage Bin design infringe the '130 patent. Whirlpool declined to provide a substantive response. Nonetheless, during a pretrial telephone conference with the Court on February 17, 2010, Whirlpool asserted that the New Ice Storage Bin Design infringes the asserted claims of the '130 patent.

27. LG is beginning production of refrigerators including the New Ice Storage Bin, and will release to market refrigerators containing the New Ice Storage Bin design within the next few months, for use and sale in the U.S. market. LG is currently offering to sell and selling refrigerators including the New Ice Storage Bin design in the United States.

28. Whirlpool’s assertion of the ’130 patent against LG before the International Trade Commission and in the Delaware Litigation, the allegations and positions taken by the parties during these litigations, the steps taken by LG to avoid the ’130 patent, and Whirlpool’s statements that the New Ice Storage Bin design infringes the ‘130 patent, are sufficiently concrete and touch the legal relationships between the parties with respect to infringement of the ’130 patent. The parties have adverse legal interests, and their dispute as to whether or not the New Ice Storage Bin design infringes the ’130 patent is sufficiently immediate and real to support the issuance of a declaratory judgment.

29. A case and controversy exists between LG and Whirlpool regarding whether or not refrigerators including the New Ice Storage Bin infringe any claims of the ’130 patent.

**COUNT ONE:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,082,130**

30. LG realleges and incorporates by reference each of paragraphs 1-29 above, as if fully set forth herein.

31. LG refrigerators including the New Ice Storage Bin design do not infringe, have not infringed, and do not induce or contribute to the infringement of, any valid and enforceable claim of the ’130 patent, either literally or under the doctrine of equivalents.

32. LG is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that LG does not infringe any valid claim of the ’130 patent.

**COUNT TWO:**
**DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,082,130**

33. LG realleges and incorporates by reference each of paragraphs 1-32 above, as if fully set forth herein.

34. The claims of the ’130 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

35. LG is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the claims of the '130 patent are invalid.

**PRAYER FOR RELIEF**

**WHEREFORE,** LG respectfully requests the following relief:

A. a declaration of no infringement of the '130 patent;

B. a declaration of invalidity of the '130 patent;

C. such other relief as this Court may deem just and proper.

Dated: April 16. 2010

Respectfully submitted,

*/s/Richard K. Herrmann*
Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
Amy A. Quinlan (I.D. #3021)
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Plaintiffs
LG Electronics U.S.A., Inc. and
LG Electronics, Inc.

*Of Counsel*:

Patrick J. Coyne
Andrew C. Sonu
Parmanand Sharma
Walter D. Davis, Jr.
Jeffrey W. Abraham
patrick.coyne@finnegan.com
andy.sonu@finnegan.com
anand.sharma@finnegan.com
walter.davis@finnegan.com
jeffrey.abraham@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400