IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., and <br> LG ELECTRONICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WHIRLPOOL CORPORATION and <br> WHIRLPOOL PATENTS COMPANY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 10-311-GMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM

### I. INTRODUCTION

On April 16, 2010, LG Electronics U.S.A., Inc. and LG Electronics, Inc. (collectively, "LG") filed this action against Whirlpool Corporation and Whirlpool Patents Company (collectively, "Whirlpool") seeking declaratory judgment of non-infringement and invalidity of Whrilpool's U.S. Patent No. 6,082,130 ("the '130 patent"). (D.I. 1.) On December 3, 2010, Whirlpool filed its answer to the complaint, alleging counterclaims for infringement of the '130 patent and infringement of U.S. Patent Nos. 7,386,992 ("the '992 patent") and 7,793,388 ("the '388 patent"). (D.I. 43.) Presently before the court is LG's motion for leave to file its first amended complaint.[1] (D.I. 49.) For the reasons that follow, the court shall grant LG's motion.

---

[1] The court's docket currently reflects that the motions to dismiss of LG (D.I. 46) and LG Monterrey (D.I. 55) remain outstanding. During the July 15, 2011 teleconference, counsel for LG indicated that these motions might be moot in light of the court's July 1, 2011 decision in the 08-234 action and offered to withdraw the relief requested. (C.A. No. 08-234, D.I. 477 at 20:22 - 21:13.) Moreover, Whirlpool's motion to dismiss (D.I. 12) remains outstanding to the extent that it requests dismissal of LG's request for a declaratory judgment of invalidity regarding the '130

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend a pleading with the written consent of the opposing party or with leave of court at any time during the proceedings. The purpose of the rule is to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Butz v. Lawns Unlimited Ltd.*, 568 F. Supp. 2d 468, 478 (D. Del. 2008). The rule provides that "[t]he court should freely give leave when justice so requires," upholding a policy of deciding claims on the merits rather than on technicalities. Fed. R. Civ. P. 15(a)(2). Specifically, leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *see also Oran v. Stafford,* 226 F.3d 275, 291 (3d Cir.2000). If the amendment will not cure the deficiency in the original complaint, or if the amended complaint cannot withstand a motion to dismiss, then amendment is futile. *See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

---

patent under the doctrine of collateral estoppel. The court's July 1, 2011 decision in the 08-234 action may affect Whirlpool's motion to dismiss to the extent that the court granted a new trial regarding the sufficiency of the written description of the '130 patent. (C.A. No. 08-234, D.I. 474.) The court awaits an indication by the parties as to the continuing viability of these motions following the court's July 1, 2011 order in the 08-234 action.

## III. DISCUSSION

By way of its motion for leave to amend the complaint, LG requests permission to assert additional causes of action for the infringement of four LG patents and for declaratory judgment of non-infringement and invalidity with respect to two Whirlpool patents.[2] (D.I. 50 at 1.) LG contends that its motion for leave to amend is timely and that Whirlpool will not be prejudiced by the amended complaint because discovery has not commenced and no trial date has been set. (Id. at 3-4.) In response, Whirlpool concedes that LG's request is timely and that adding causes of action for declaratory judgment on Whirlpool's '992 and '388 patents would not prejudice Whirlpool. (D.I. 52 at 3.) However, Whirlpool contends that the addition of LG's new patent infringement claims will unnecessarily complicate the litigation, thereby prejudicing Whirlpool. (Id. at 3-4.)

The court concludes that allowing LG to amend its complaint at this stage of the proceedings would not be untimely or result in prejudice to Whirlpool. The parties do not dispute the timeliness of LG's motion. Moreover, the court concludes that Whirlpool will not suffer undue prejudice as a result of differences between the technology at issue where LG's four allegedly infringed patents are also directed to refrigerator technology. Specifically, LG's '139, '098 and '873 patents share the same specification relating to an ice-making room in a refrigerator, which is similar to the ice-making rooms disclosed in Whirlpool's '130 and '992 patents. The '332 patent's disclosure of a temperature control method, while not directly

---

[2]Specifically, LG's proposed amended complaint alleges infringement of its U.S. Patent Nos. 5,263,332 ("the '332 patent"); 7,520,139 ("the '139 patent"); 7,762,098 ("the '098 patent"); and 7,430,873 ("the '873 patent"). LG's proposed causes of action for declaratory judgment relate to Whirlpool's U.S. Patent Nos. 7,386,992 ("the '992 patent") and 7,793,388 ("the '388 patent").

comparable to the other patents-in-suit, is sufficiently related to the overall theme of refrigerator technology so as not to warrant a separate lawsuit. In recognition of the Third Circuit's liberal approach to the amendment of pleadings, the court concludes that any complexity added to the case resulting from the allowance of the amended complaint is insufficient to warrant a denial of the motion for leave to amend. To rule otherwise would result in the filing of another lawsuit and would not promote the interests of judicial efficiency.

## IV. CONCLUSION

For the reasons stated above, the court will grant LG's motion to amend the complaint. An appropriate order shall issue.

Dated: September 1λ, 2011

CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., and <br> LG ELECTRONICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WHIRLPOOL CORPORATION and <br> WHIRLPOOL PATENTS COMPANY, <br><br> Defendants. | C.A. No. 10-311-GMS |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. LG's motion for leave to file its first amended complaint (D.I. 49) is GRANTED.

2. Counsel for LG is ordered to affirmatively communicate to the court whether its outstanding motions to dismiss (D.I. 46; D.I. 55) should be withdrawn in light of the court's July 1, 2011 decision in Civil Action No. 08-234.

3. Counsel for Whirlpool is ordered to affirmatively communicate to the court whether the remaining issue in its outstanding motion to dismiss (D.I. 12) should be withdrawn in light of the court's July 1, 2011 decision in Civil Action No. 08-234.

Dated: September 12, 2011

CHIEF UNITED STATES DISTRICT JUDGE