IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG ELECTRONICS U.S.A., INC., and LG ELECTRONICS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 10-311-GMS |
| WHIRLPOOL CORPORATION and WHIRLPOOL PATENTS COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |
| WHIRLPOOL CORPORATION, WHIRLPOOL PATENTS COMPANY, and WHIRLPOOL MANUFACTURING CORPORATION, | ) ) ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| LG ELECTRONICS U.S.A., INC., LG ELECTRONICS, INC., and LG ELECTRONICS MONTERREY MEXICO, S.A. de CV, | ) ) ) ) ) ) | |
| Counterclaim Defendants. | ) | |

**<u>MEMORANDUM</u>**

**I. INTRODUCTION**

On April 16, 2010, LG Electronics U.S.A., Inc. and LG Electronics, Inc. (together, "LG Electronics") filed this action against Whirlpool Corporation and Whirlpool Patents Company seeking declaratory judgment of non-infringement and invalidity of U.S. Patent No. 6,082,130

("the '130 patent"). (D.I. 1.) On March 15, 2011, Whirlpool Corporation, Whirlpool Patents Company and Whirlpool Manufacturing Corporation (collectively, "Whirlpool") answered the complaint and alleged counterclaims against LG Electronics U.S.A., Inc., LG Electronics, Inc. and LG Electronics Monterrey Mexico, S.A. de CV ("LG Monterrey") (collectively, "LG") for infringement of the '130 patent, as well as infringement of U.S. Patent Nos. 7,386,992 ("the '992 patent") and 7,793,388 ("the '388 patent"). (D.I. 57.) LG filed its first amended complaint on September 16, 2011, adding causes of action for infringement of U.S. Patent Nos. 7,520,139 ("the '139 patent"), 7,762,098 ("the '098 patent"), 7,430,873 B2 ("the '873 patent") and 5,263,332 ("the '332 patent"), and seeking declaratory judgments of non-infringement and invalidity of the '992 patent and the '388 patent.

Presently before the court are: (1) Whirlpool's motion to dismiss LG's original complaint for lack of subject matter jurisdiction and on the bases of direct estoppel, *res judicata* and collateral estoppel (D.I. 12);[1] (2) LG Electronics' motion to dismiss Whirlpool's counterclaim of infringement of the '130 patent by LG's French door refrigerators (D.I. 46); and (3) LG Monterrey's motion to dismiss Whirlpool's counterclaim of infringement of the '130 patent by LG's French door refrigerators (D.I. 55).[2] For the reasons that follow, the court shall deny

---

[1] On December 3, 2010, Whirlpool filed a notice of partial withdrawal of its motion to dismiss. (D.I. 41.) Specifically, Whirlpool withdrew without prejudice its motion to dismiss with respect to its claims of direct estoppel, justiciability and *res judicata*. (Id.) Whirlpool requests that the court hold these issues in abeyance pending Whirlpool's response to LG's amended complaint. (D.I. 71.) Whirlpool maintains that LG's request for a declaratory judgment of invalidity of the '130 patent must be dismissed as barred by collateral estoppel. (D.I. 41; D.I. 71.)

[2] In view of the court's July 1, 2011 order in Civil Action No. 08-234 ("the 08-234 action") finding infringement by LG's French door refrigerators under the doctrine of equivalents (C.A. No. 08-234, D.I. 474), LG withdraws its motion to dismiss Whirlpool's counterclaim of

Whirlpool's motion to dismiss and grant LG's motions to dismiss to the extent those motions pertain to literal infringement of the '130 patent by LG's French door refrigerators.

## II. BACKGROUND

### A. The '130 Patent

The patent relevant to the parties' motions to dismiss relates to refrigerator technology. Specifically, Whirlpool's '130 patent discloses a refrigerator design in which the ice storage bin is moved from its conventional location in the back of a freezer compartment to the compartment door. The '130 patent discloses: "[a] refrigerator including a freezer compartment having an access opening and a closure member for closing the access opening, the refrigerator comprising . . . an ice storage bin mounted to the closure member [and] . . . a motor mounted on the closure member . . ." ('130 patent, col. 12:50-58.)

### B. The 08-234 Action

On April 24, 2008, LG filed a patent infringement action against Whirlpool ("the '08-234 action") seeking, among other things, a declaratory judgment of invalidity and non-infringement of the '130 patent. (C.A. No. 08-234, D.I. 1; D.I. 72.) In its answer, Whirlpool counterclaimed that LG manufactured and sold refrigerators which infringed the '130 patent. (C.A. No. 08-234, D.I. 140.)

In response to the court's August 4, 2009 claim construction ruling, LG redesigned its ice storage bin to eliminate the auger claimed in each of the asserted claims of the '130 patent. (D.I. 28, Ex. A at 14:16-20; 84:5 - 86:2.) LG moved to have the issues of validity and infringement

---

infringement of the '130 patent by LG's French door refrigerators as it pertains to the doctrine of equivalents, but not as it pertains to literal infringement (D.I. 72).

3

regarding its redesign resolved in the 08-234 action, but the court excluded evidence of the redesign. (D.I. 354; 368.)

The court held a nine-day jury trial from March 1 to March 11, 2010. (C.A. No. 08-234, D.I. 399-407.) On March 11, 2010, the jury returned a unanimous verdict, finding, among other things, that LG's side-by-side refrigerators literally infringed claims 1, 2, 6 and 9, but not claim 8, of Whirlpool's '130 patent, LG's French door refrigerators did not infringe the '130 patent, and the '130 patent was valid and was not willfully infringed by LG. (C.A. No. 08-234, D.I. 397.) The court entered judgment on the verdict on April 9, 2010. (C.A. No. 08-234, D.I. 417.)

On July 1, 2011, the court rendered its decision on the parties' motions for judgment as a matter of law and for a new trial. (C.A. No. 08-234, D.I. 474.) By way of its order, the court granted judgment as a matter of law with respect to infringement of the '130 patent by LG's French door refrigerators and awarded a new trial with respect to the sufficiency of the written description of the '130 patent, among other things. (Id.)

### III. DISCUSSION

#### A. Whirlpool's Motion to Dismiss

Whirlpool's motion to dismiss is based on the theory of collateral estoppel. Collateral estoppel, also known as issue preclusion, refers to the preclusive effect of a judgment on the merits of an issue that was previously litigated or that could have been litigated. *Fairbank's Capital Corp. v. Milligan*, 234 Fed. Appx. 21 (3d Cir. 2007). Issue preclusion occurs "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Jean Alexander Cosmetics, Inc.*

*v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (quoting Restatement (Second) of Judgments § 27 (1982)). There are four requirements which must be met for collateral estoppel to apply: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Id.* (internal quotations omitted); *see also Bayer AG v. Biovail Corp.*, 279 F.3d 1340, 1345 (Fed. Cir. 2002).

In support of its motion to dismiss LG's request for a declaratory judgment of invalidity, Whirlpool contends that the jury already returned a verdict of validity for the '130 patent in the 08-234 action. (D.I. 13 at 18-19.) According to Whirlpool, this finding was essential to the judgment in the 08-234 action, and Whirlpool was awarded $1.8 million in damages as a result of LG's infringement. (Id. at 19.) In response, LG contends that no identity of issues exists between the validity verdict in the 08-234 action and the present case, and the issues surrounding the redesign were not actually litigated in the 08-234 action because evidence of LG's redesign was entirely excluded from the 08-234 action. (D.I. 28 at 15.)

The court concludes that LG should not be precluded from litigating the issue of the '130 patent's validity in light of LG's redesign. Evidence of LG's redesign presents new issues which were not litigated in the 08-234 action.[3] As a result, LG was unable to actually litigate the new claim construction, infringement and invalidity issues pertaining to the redesign. Therefore, Whirlpool's motion to dismiss is denied.

---

[3] Specifically, the court never construed the term "auger" in the 08-234 action because the term was not at issue, but this term is essential to the infringement and invalidity analyses pertaining to LG's redesign.

## B. LG and LG Monterrey's Motions to Dismiss

LG and LG Monterrey's motions to dismiss are based on the theory of res judicata. Under the doctrine of res judicata, also known as claim preclusion, a judgment in a prior suit involving the same parties, or parties in privity with them, bars a subsequent suit on the same cause of action. *Fairbank's Capital Corp. v. Milligan*, 234 Fed. Appx. 21 (3d Cir. 2007). Claim preclusion "requires a showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *Equal Employment Opportunity Comm'n v. U.S. Steel Corp.*, 921 F.2d 489, 492 (3d Cir. 1990). The Federal Circuit applies its own law on claim preclusion in patent cases. *See Nystrom v. Trex Co., Inc.*, 580 F.3d 1281, 1285 (Fed. Cir. 2009) (citing *Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001)). Pursuant to Federal Circuit precedent, an accused infringer must show that the accused product or process in the second suit is "essentially the same" as the accused product or process in the first suit. *Id.* (quoting *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 480 (Fed. Cir. 1991)). Specifically, "[c]olorable changes in an infringing device or changes unrelated to the limitations in the claim of the patent would not present a new cause of action." *Id.* (internal quotations omitted).

In support of LG's motions to dismiss, LG contends that Whirlpool's first counterclaim of infringement of the '130 patent is barred by *res judicata* because the jury found that LG's French door refrigerators do not infringe the '130 patent. (D.I. 47; D.I. 56.) Specifically, LG contends that the redesigned LG French door refrigerator shares the same configuration as the French door refrigerator at issue in the 08-234 action in all material respects. (D.I. 47 at 9.) In response, Whirlpool contends that the LG Entities' motions to dismiss should be treated as

6

motions for partial summary judgment because they requires consideration of matters outside the pleadings. (D.I. 51 at 2-3.) According to Whirlpool, the court should not grant summary judgment because LG failed to meet its burden of showing that the French door refrigerators subject to Whirlpool's counterclaim are essentially the same as those addressed in the 08-234 action. (Id. at 3-4.)

As a preliminary matter, the court rejects Whirlpool's contention that LG's motions to dismiss must be treated as motions for summary judgment. Although the court may not generally consider evidence beyond the complaint in deciding a Rule 12(b)(6) motion, when a motion to dismiss is based upon the defense of claim preclusion, the court may take judicial notice of the record in the 08-234 action in reaching its determination on LG's motions to dismiss. *See Toscano v. Connecticut General Life Ins. Co.*, 288 Fed. Appx. 36, 37-38 (3d Cir. 2008) ("The defense of claim preclusion . . . may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision. Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties.") (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988)). The court may therefore take notice of the record in the 08-234 action, as it is a matter of public record.

The court concludes that LG's motions to dismiss should be granted with respect to Whirlpool's counterclaim for literal infringement of the '130 patent.[4] LG has demonstrated that the features compelling the judgment of non-infringement in the 08-234 action were not changed

---

[4] LG withdrew its motions to dismiss to the extent that they pertain to Whirlpool's counterclaim for infringement of the '130 patent based on the doctrine of equivalents in light of the court's July 1, 2011 order granting judgment as a matter of law on that issue.

in LG's redesign. Specifically, the jury in the 08-234 action determined that the side-by-side refrigerators infringed the '130 patent, but the French door refrigerators did not, despite the fact that both models indisputably shared the same ice storage bin design with both ice crushing blades and an auger. (C.A. No. 08-234, D.I. 397.) The court concludes that the design of the ice storage bin is immaterial for purposes of non-infringement because the ice storage bin, the motor and the ice maker are mounted in the same location in LG's redesign as they were in the original design at issue in the 08-234 action. Therefore, regardless of whether the redesigned ice storage bin does or does not have an auger, there could be no literal infringement by the French door refrigerator for the same reasons found by the jury in the 08-234 action.

## IV. CONCLUSION

For the reasons stated above, the court will deny Whirlpool's motion to dismiss with respect to the issue of invalidity of the '130 patent (D.I. 12), grant LG Electronics' motion to dismiss (D.I. 46), and grant LG Monterrey's motion to dismiss (D.I. 55). An appropriate order shall issue.

Dated: September 29, 2011

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., and <br> LG ELECTRONICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WHIRLPOOL CORPORATION and <br> WHIRLPOOL PATENTS COMPANY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 10-311-GMS <br> ) <br> ) <br> ) <br> ) <br> ) |
| WHIRLPOOL CORPORATION, <br> WHIRLPOOL PATENTS COMPANY, and <br> WHIRLPOOL MANUFACTURING <br> CORPORATION, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> LG ELECTRONICS U.S.A., INC., <br> LG ELECTRONICS, INC., and LG <br> ELECTRONICS MONTERREY <br> MEXICO, S.A. de CV, <br><br> Counterclaim Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. Whirlpool's motion to dismiss LG's original complaint with respect to the invalidity of the '130 patent (D.I. 12) is DENIED.

2. LG Electronics' motion to dismiss Whirlpool's counterclaim of infringement of the '130 patent by LG's French door refrigerators (D.I. 46) is GRANTED to the extent it pertains to literal infringement.

3. LG Monterrey's motion to dismiss Whirlpool's counterclaim of infringement of the '130 patent by LG's French door refrigerators (D.I. 55) is GRANTED to the extent it pertains to literal infringement.

Dated: September 29, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE